BRICKS, INC., Plaintiff,

v.

**BNY TRUST COMPANY OF MIS-SOURI, and Kohner Proper-ties, Inc., Defendant.**

No. 01–2286.

United States District Court,
W.D. Tennessee,
Western Division.

Oct. 12, 2001.

Joseph T. Getz, Elizabeth B. Stengel, Less Getz & Lipman, Memphis, TN, for plaintiffs.

Henry C. Shelton, III, Armstrong Allen, PLLC, Memphis, TN, David Sosne, Summers Compton Wells & Hamburg, St. Louis, MO, for defendants.

## ORDER GRANTING DEFENDANTS' 12(b)(6) MOTION TO DISMISS PLAINTIFF'S COMPLAINT

DONALD, District Judge.

This matter is before the Court on defendants' motion to dismiss plaintiff's claims under the Prompt Pay Act of 1991, quantum meruit, and as a third-party beneficiary, on the ground that plaintiff fails to state claims for which relief can be granted. The Court has jurisdiction over this matter under 28 U.S.C. § 1332. For the reasons stated herein, the Court GRANTS defendants motion to dismiss as to all claims.

## I. Factual Background

On May 1, 1999, the Health, Educational and Housing Facility Board of Shelby County ("Board," "Issuer" and "Lessor") and BNY Trust Company of Missouri ("Trustee") entered into an Indenture of Trust ("Trust") to finance, among other things, the development and rehabilitation of the Andrew Jackson Apartments, the Oaks Apartments and Quail Ridge Apartments (the "Project") in Memphis, Tennessee.

Pursuant to the Trust, the Board issued to Union Planter's Bank certain senior bonds, secured, in part, by an interest in the Project and certain moneys held in the Trust. The Board further assigned to the Trust a security interest in a Lease Agreement between the Board and the manager of the Project, Jackson Avenue Properties, Inc. ("Jackson Avenue" and "Lessee").

The Lease agreement required Jackson Avenue to repay the bond debt in regular installments with revenues from the Project. When the bond debt was repaid, Jackson would acquire an interest in fee simple in the Project.

On September 15, 1999, Jackson Avenue entered into a standard form agreement with Bricks, Inc. ("Bricks") for construction work on the Project. The agreement provided for certain progress payments, whereby Bricks would submit applications for payment to the architect, who, in turn, would issue certificates of payment to Jackson Avenue. Pursuant to the Indenture of Trust, Jackson Avenue would submit a requisition to the Trustee, who would remit payment to Bricks.

In the latter part of 1999, Jackson Avenue became unable to remit required moneys to the Trust and, early in 2000, Union

Planters sold the senior bonds to AJ Investments. During this time, Bricks submitted an application for payment to Jackson Avenue in the amount of $333,581.92. There is no evidence in the record that Jackson Avenue or BNY honored Bricks' application. On June 29, 2000 Bricks filed a Mechanic's Lien to recover payment for services rendered to the Project.

On July 31, 2000, AJ Investments sold the senior bonds to Kohner Properties, Inc. ("Kohner"). Subsequently, Kohner filed an action in Chancery Court to appoint a receiver to manage the Project. On August 23, 2000, Jackson filed for protection under Chapter 11 of the U.S. Bankruptcy Code. While Jackson Avenue's petition was pending, Kohner and BNY foreclosed on the Project in partial satisfaction of the bond debt. Kohner then acquired ownership of the Project.

On February 28, 2001, Bricks filed suit in this Court, alleging that BNY and Kohner were liable for the $333,581.92 owed to Bricks, under (a) the Prompt Pay Act of 1991, (b) a third-party beneficiary claim, and/or (c) a theory of quantum merit. On April 25, 2001, BNY and Kohner filed a motion to dismiss Bricks' complaint as to all claims.

## II. Motion to dismiss standard (12(b)(6))

A party may bring a motion to dismiss for failure to state a claim under Fed. R. of Civ. Proc. 12(b)(6). This motion only tests whether a cognizable claim has been pleaded in the complaint. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir.1988). Essentially, it allows the court to dismiss meritless cases which would otherwise waste judicial resources and result in unnecessary discovery. *See, e.g., Neitzke v. Williams*, 490 U.S. 319, 326–27, 109 S.Ct. 1827, 1832, 104 L.Ed.2d 338 (1989).

The Supreme Court has held that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *see also Neitzke*, 490 U.S. at 326–27, 109 S.Ct. at 1832; *Lewis v. ACB Business Services, Inc.*, 135 F.3d 389, 405 (6th Cir.1998). Thus, the standard to be applied when evaluating a motion to dismiss for failure to state a claim is very liberal in favor of the party opposing the motion. *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir.1976). Even if the plaintiff's chances of success are remote or unlikely, a motion to dismiss should be denied.

To determine whether a motion to dismiss should be granted, the court must first examine the complaint. The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). The complaint must provide the defendant with "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47, 78 S.Ct. at 103; *Westlake*, 537 F.2d at 858. The complaint need not specify all the particularities of the claim, *id.*, and if the complaint is merely vague or ambiguous, a motion under Fed.R.Civ.P. 12(e) for a more definite statement is the proper avenue rather than under Fed.R.Civ.P. 12(b)(6). 5A Wright & Miller, Federal Practice & Procedure § 1356 (West 1990). The plaintiff, however, has an obligation to allege the essential material facts of the case. *Scheid*, 859 F.2d at 436–37. All facts taken as true in the complaint must be "well-pleaded." *Lewis*, 135 F.3d at 405. "Well-pleaded facts" refers to those facts which are legally capable of being proved. 71 C.J.S. Pleading § 426 (1951).

In reviewing the complaint, the court must accept as true all factual allegations in the complaint and construe them in the light most favorable to the plaintiff. *Windsor v. The Tennessean,* 719 F.2d 155, 158 (6th Cir.1983). Indeed, the facts as alleged by the plaintiff cannot be disbelieved by the court. *Neitzke,* 490 U.S. at 327, 109 S.Ct. at 1832; *Murphy v. Sofamor Danek Group, Inc.,* 123 F.3d 394, 400 (6th Cir.1997). Where there are conflicting interpretations of the facts, they must be construed in the plaintiff's favor. *Sinay v. Lamson & Sessions Co.,* 948 F.2d 1037, 1039–40 (6th Cir.1991). However, legal conclusions or unwarranted factual inferences should not be accepted as true. *Lewis,* 135 F.3d at 405–06.

## III.  Prompt Pay Act of 1991

■ The Prompt Pay Act of 1991 provides that "[p]erformance by a contractor in accordance with the provisions of a written contract with an owner for improvement of real property shall entitle such contractor to payment from the owner." Tenn.Code Ann. § 66–34–201.

Bricks contends that it "successfully completed all work pursuant to a written contract between the owner and contractor." (Pl. Mot. Opp. at 9). Further, Bricks alleges that BNY and Kohner "refused to turn over funds that they held in trust" for the contractor's use and benefit. (Pl. Mot. Opp. at 9). Finally, Bricks argues that the contract with Jackson Avenue is "indeed a contract between the owner of the property and the contractor," as T.C.A. § 66–11–101 defines 'owner' to include "a lessee for a term of years." (Pl. Mot. Opp. at 10).

The plain language of the statute entitles Bricks to payment from the owner, when a written contract exists between the owner and contractor. On the face of the complaint, Bricks alleges to have contract-

ed only with Jackson Avenue for the construction work. Moreover, Bricks alleges that Jackson Avenue is the owner of the property. Finally, Bricks admits that "there is no allegation in the complaint of an existing contract between the defendants and Bricks." (Pl. Mot. Opp. at 13–14).

The record before the Court is devoid of any indication that Bricks entered into any contract with BNY or Kohner. Moreover, the entity that Bricks alleges to own the property is not a party to the instant litigation.

Viewing the record liberally in favor of Bricks, the Court finds that Bricks fails to state a claim for which relief can be granted, as Bricks fails to allege a contractual relationship with defendants. Accordingly, the Court **GRANTS** defendants' motion to dismiss plaintiff's Prompt Pay Act claim.

## IV.  Third–Party Beneficiary

■ Tennessee law recognizes two kinds of third-party beneficiaries, intended and incidental. Only if a party is an intended beneficiary may it maintain an action to enforce the contract. *Davidson & Jones Development Company v. Elmore Development Inc., et. al,* 921 F.2d 1343 (6th Cir.1991). Further, there is a presumption that a contract is executed solely for the benefit of the parties to it. *Moore Construction Co., Inc. v. Clarksville Department of Electricity,* 707 S.W.2d 1 (Tenn.App.1985). Hence, to establish that Bricks is an intended third-party beneficiary, the record must show (1) the existence of a valid contract between the principals and (2) that the clear intent of the contract is to benefit Bricks. *United American Bank of Memphis v. Gardner,* 706 S.W.2d 639, 641 (Tenn.App.1985).

Defendants contend that the clear language of the Trust Indenture "identifies

the parties that are intended to benefit by the trust, none of which include [Bricks]." (Def. Mot. D. at 7).

Section 13.2 of the Trust Indenture defines parties in interest as follows:

> Except as herein otherwise specified, nothing in this Indenture expressed or implied is intended or shall be construed to confer upon any person, firm, or corporation other than the Issuer, the Paying Agent, the Lessee, the Trustee and the Owners, any right, remedy or claim under or by reason of this Indenture, *this Indenture being intended to be for the sole and exclusive benefit of the Issuer, the Paying Agent, the Lessee, the Trustee and the Owners.* (Emphasis added)

Bricks contends that "a person claiming to be an intended beneficiary of a contract has the burden of proving from the terms of the contact itself *or the circumstances surrounding the contract's execution that he is entitled to recover."* *Moore Construction Co., Inc. v. Clarksville Department of Electricity,* 707 S.W.2d 1, 9 (Tenn.Ct.App.1985)(Emphasis added).

The Court finds that Bricks' reliance on *Moore* is inapposite. In *Moore,* the court considered the circumstances surrounding only those contracts that did not clearly express the intent of the contracting parties. Where the contractual terms were plain, the court enforced the explicit terms, as "the language of the bonds themselves ma[de] it clear that they were not issued to benefit Moore or to fulfill an obligation the Department had to Moore." *Id.* at 11.

The record before the Court indicates that the Trust Indenture specifically identifies the parties in interest to the trust. As Bricks fails to allege to be any of parties defined in the contract, and as Bricks fails to allege any superceding amendment to the contract, the Court finds that Bricks fails to state a claim for

which relief can be granted. Accordingly, the Court **GRANTS** defendants motion to dismiss Bricks' third-party beneficiary claim.

## VI. Quantum Meruit

A quantum meruit action is an equitable substitute for a contract claim that allows a party to recover the reasonable value of goods and services provided to another, if the following circumstances are shown:

(1) There is no existing, enforceable contract between the parties covering the same subject matter;

(2) The party seeking recovery proves that it provided valuable goods or services;

(3) The party to be charged received the goods or services;

(4) The circumstances indicate that the parties to the transaction should have reasonably understood that the person providing the goods or services expected to be compensated; and

(5) The circumstances demonstrate that it would be unjust for a party to retain the goods or services without payment.

*Doe v. HCA Health Servs. of Tennessee, Inc.,* 46 S.W.3d 191 (Tenn.2001)

Bricks alleges that it provided valuable good or services that were "incorporated into a project funded and controlled by Kohner," who "knew or should have known that funds in trust were intended for Bricks," and who "is presently receiving a direct benefit from the work performed by Bricks." (Pl. Mot. Opp. at 14).

The record before the Court indicates that Bricks filed a Mechanic's Lien on June 29, 2000, for services rendered to the Project. At that time, Kohner had no legal or equitable interest in the property. The record indicates that Kohner first ac-

quired a bond interest in the property on July 31, 2000, and acquired ownership of the property after August 23, 2000.

Bricks' bare assertion that Kohner acquired the Project while the "work of Bricks was continuing" (Pl. Mot. Opp. At 6) is controverted by Bricks' Mechanic's Lien, as well as Bricks' initial and amended complaints. Together, Bricks' pleadings clearly indicate, and logic dictates, that Bricks's work was completed prior to June 29, 2000, when Bricks executed a lien to recover payment for its work.

Finally, the record is wholly devoid of any factual allegation that Bricks provided any goods or services to BNY. Further, there is no allegation that BNY received any goods or services from Bricks, or that BNY benefitted from any such goods or services.

The Court finds therefore that Bricks fails to state a claim against either defendant for which relief can be granted. Accordingly, the Court GRANTS defendants' motion to dismiss Bricks' quantum meruit claim.

Because the Court grants defendants' motion to dismiss plaintiff's complaint as to all claims without reference to the Carpenter affidavit, defendants' pending motion to strike affidavit of Charles E. Carpenter, and motion to amend 16(b) scheduling order, are rendered moot.

## V. Conclusion

For the foregoing reasons, the Court GRANTS defendants' motion to dismiss plaintiff's claims under the Prompt Pay Act of 1991, quantum meruit, and as a third-party beneficiary. Plaintiff's complaint is accordingly DISMISSED.